Richard P. Haber. Esq. – RH9456
MCCALLA RAYMER LEIBERT PIERCE, LLC
420 Lexington Avenue
Suite 840
New York, New York 10170
P: 347-286-7409
*Attorneys for Plaintiff,*
*Freedom Mortgage Corporation*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. KEPPLER,<br><br>Defendant. | Case No.  **1:22-CV-1419 (MAD/CFH)**<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Freedom Mortgage Corporation, for its cause of action against Defendant, Brian J. Keppler, hereby states:

## NATURE OF THE CASE

1. This is a mortgage foreclosure action brought pursuant to Article 13 of New York's Real Property Actions and Proceedings Law.

## PARTIES

2. Plaintiff, Freedom Mortgage Corporation ("Freedom Mortgage") is a corporation formed in the State of New Jersey, and maintains its principal place of business in the State of New Jersey. Therefore, for purposes of 28 U.S.C. § 1332(a), Freedom Mortgage is a citizen of the State of New Jersey. Freedom Mortgage is the owner and holder of the note at issue herein, and the

assignee of the mortgage to be foreclosed.

3. Defendant, Brian J. Keppler ("Keppler") is an individual residing at 192 Sunnyside Road, Glenville, NY 12302. Therefore, for purposes of 28 U.S.C. § 1332(a), Keppler is a citizen of the State of New York. Keppler is an owner of the property being foreclosed herein, executed the mortgage to encumber his ownership interest, and is the obligor that borrowed the debt in exchange for the note.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between Freedom Mortgage, a citizen of the State of New Jersey, and the defendant, Keppler, a citizen of the State of New York. *See* ¶¶ 2-3, *supra*, as to citizenship of the parties and ¶ 12, *infra*, as to amount in controversy.

5. Venue is appropriate in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the real property to be foreclosed in this action is located in this judicial district.

## COUNT ONE – FORECLOSURE OF MORTGAGE

6. On or about November 13, 2020, Defendant, Keppler, executed and delivered to Home Point Financial Corporation ("Home Point") a certain note (the "Note") whereby he bound himself in the amount of $171,830.00, together with accrued interest on the unpaid principal balance and such other amounts until paid, pursuant to the terms of the Note. The Note bears an initial interest rate of 3.250%. A copy of the Note is attached hereto and incorporated herein as *Exhibit A*.

7. Also on or about November 13, 2020, to secure payment of the Note, Defendant, Keppler executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Home Point Financial Corporation, its successors and assigns, a Mortgage (the "Mortgage") in the

amount of $171,830.00 against real property owned by him, located at 192 Sunnyside Road, Glenville, NY 12302 (the "Mortgaged Premises"). The Mortgage was recorded in the Schenectady County Clerk's Office on November 18, 2020 in Book 5042, Page 385 and as Instrument No. 202036274 at which time the mortgage recording tax was duly paid. A copy of the Mortgage is attached hereto and incorporated herein as *Exhibit B*.

8. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Home Point Financial Corporation, its successors and assigns, to Freedom Mortgage Corporation by Assignment of Mortgage dated July 11, 2022 and recorded in the Schenectady County Clerk's Office on July 14, 2022 in Book 5240, Page 942 as Instrument No. 202236744. A copy of the Assignment of Mortgage is attached hereto as *Exhibit C*.

9. The tax map designation of the Mortgaged Premises is known as or part of Section: 30.19 Block: 2 Lot: 27. The full legal description of the Mortgaged Premises is attached hereto and incorporated herein as *Exhibit D*.

10. Keppler failed to comply with the terms of the Note and Mortgage by failing to pay the monthly payment amount due on April 1, 2022, and each subsequent payment that has come due thereafter, together with any other amounts for taxes, assessments, water rates, escrow, insurance premiums and/or any other charges that have come due and are payable under the terms of the Note and Mortgage since the date of default set forth above.

11. Freedom Mortgage provided the requisite contractual notice of default in accordance with the terms of the Mortgage notifying Keppler of the default, advising of the actions necessary to cure the default, the date by which to cure (being at least thirty (30) days from the date of said notice), and advising of their right to present a defense to the lawsuit. Despite these written demands, the default has not been cured. As a result, Freedom Mortgage hereby elects and demands that the entire principal sum due on the Note, along with all unpaid interest, advances,

fees and costs are immediately due and payable.

12. As of the date of default, the principal balance due and owing pursuant to the terms of the Note and/or Mortgage is $167,236.35, together with accrued interest, taxes, assessments, water rates, maintenance, late fees, insurance premiums, escrow advances, reasonable attorneys' fees, and any other charges allowed pursuant to the terms of the Note and/or Mortgage, to be calculated and established at the time Freedom Mortgage applies for final judgment in this matter.

13. In order to protect its security, Freedom Mortgage (directly and/or through its servicer or agent) has made advances, or may be obligated during the pendency of this action to make advances, for the payment of taxes, insurance premiums and other necessary charges affecting the Mortgaged Premises. Any such sums advanced under the terms of the Note, together with interest (to the extent allowed), are to be added to the sum otherwise due on and be deemed secured by the Mortgage.

14. Each of the defendants joined herein may have, or claim to have, some interest in, or lien upon the Mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent and/or is subject to the lien of Freedom Mortgage's Mortgage, as follows:

   a. Keppler is an owner of the Mortgaged Premises, obligated on the Note, and granted the Mortgage to voluntarily encumber his ownership interest.

15. Freedom Mortgage has complied with the applicable provisions of RPAPL §1304 and the Banking Law, specifically §§595-a, 6-l and/or 6-m if applicable, in that the requisite notice was sent by its servicer, in at least fourteen point type, and containing a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services "to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of" the Mortgage. Further, Freedom Mortgage has complied with the applicable

provisions of RPAPL §1306 in that the notice required by RPAPL §1304, if necessary, was filed with the superintendent of banks within three business days of mailing. A copy of the registration is attached hereto and incorporated herein as *Exhibit E*.

16.     If this matter proceeds to a judgment of foreclosure and results in the sale of the Mortgaged Premises, Freedom Mortgage requests that the Mortgaged Premises be sold subject to any statement of facts an inspection of the Mortgaged Premises would disclose or an accurate survey would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of same; any rights of tenants or persons in possession of the Mortgaged Premises; any equity/right of redemption of the United States of America within 120 days of the sale; and, any prior mortgages and liens.

17.     Pursuant to the terms of the Mortgage, Freedom Mortgage is entitled to recover attorneys' fees and costs incurred in connection with this action.

WHEREFORE, Plaintiff, Freedom Mortgage Corporation, hereby demands judgment as follows:

(a) Adjudging and decreeing that any advances Freedom Mortgage or its servicer or agent made or will make pursuant to the terms of the Note and/or Mortgage for the payment of taxes, insurance premiums and other necessary charges affecting the Mortgaged Premises, together with interest (to the extent allowed), are valid liens against the Mortgaged Premises;

(b) Fixing the amounts due Freedom Mortgage for all amounts due under the Note and/or Mortgage, including, but not limited to principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorneys' fees (to the extent allowed under the Note and/or Mortgage and all other monies advanced and paid which are secured by the Mortgage;

(c) That each and every defendant, and all parties claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to the Mortgaged Premises;

(d) That the Mortgaged Premises, or such part thereof as may be necessary to raise the amounts due herein, be decreed to be sold according to law subject to any statement of facts an inspection of the Mortgaged Premises would disclose or an accurate survey of the Mortgaged Premises would show; as further discussed in the Complaint above;

(e) That out of the monies arising from the sale of the Mortgaged Premises, Freedom Mortgage may be paid the amounts due on the Note and Mortgage, plus all other amounts provided for and allowed under the judgment, including attorneys' fees and costs to be incurred in connection with this action, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective advance payments, to the extent allowed;

(f) That Keppler may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy proceeding with respect to Keppler;

(g) That Freedom Mortgage or any of the defendants in this action may become a purchaser upon such sale;

(h) That this Court, if requested, forthwith appoint a receiver of rents and profits of

said Mortgaged Premises with the usual powers and duties;

(i) In the event Freedom Mortgage possesses any other liens against the Mortgaged Premises, they shall not be merged with the same/instant matter. Freedom Mortgage specifically reserves its right to share in any surplus monies arising from the sale of the Mortgaged Premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein; and

(j) That Freedom Mortgage be granted such other and further relief as may be just, equitable and proper.

Dated: December 29, 2022

_____
Richard P. Haber, Esq.
McCalla Raymer Leibert Pierce, LLC
*Attorneys for Plaintiff,*
*Freedom Mortgage Corporation*